UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:
SUPREMA SPECIALTIES, INC., et al.

--------------------------------------------------------x

KENNETH P. SILVERMAN, ESQ.,
Chapter 7 Trustee of the Estate
of Suprema Specialties Inc.,
Suprema Specialties West, Inc.,
Suprema Specialties Northeast,　　　　　　　　No. 07 Civ. 7505 (RJH)
Inc., and Suprema Specialties
Northwest, Inc.,

        Plaintiff-Appellee

  -versus-

BDO SEIDMAN, LLP,

        Defendant-Appellant.

--------------------------------------------------------x


### BRIEF FOR DEFENDANT-APPELLANT BDO SEIDMAN, LLP

 

Ira G. Greenberg
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant-Appellant
   BDO Seidman, LLP
750 Lexington Avenue, 8th floor
New York, New York  10022
(212) 308-4411

TABLE OF CONTENTS

Page

STATEMENT OF FACTS ................................................................................................ 1

QUESTIONS PRESENTED ............................................................................................ 2

ARGUMENT .................................................................................................................... 3

    POINT I   NEW JERSEY SUBSTANTIVE LAW APPLIES. .................................. 3

    POINT II  THE ADVERSARY PROCEEDING SHOULD HAVE BEEN
                DISMISSED WITH PREJUDICE. ...................................................... 5

CONCLUSION ................................................................................................................ 8

## TABLE OF AUTHORITIES

**Cases**

Chamberlain v. Giampapa, 210 F.3d 154 (3d Cir. 2000) ............................................. 6, 7

Davies v. Imbesi, 328 N.J. Super. 372, 746 A.2d 40 (App. Div. 2000) ........................... 6

Ferreira v. Rancocas Orthopedic Associates, 178 N.J. 144, 836 A.2d 779 (2003) ......... 6

In re Cendant Corp. Secs. Litigation, 139 F. Supp. 2d 585 (D.N.J. 2001) ...................... 6

In re Gaston & Snow, 243 F.3d 599 (2d Cir. 2001) ....................................................... 3

In re Hall, 147 N.J. 379, 688 A.2d 81 (1997) ................................................................. 6

In re Iridium Operating LLC, 285 B.R. 822 (Bankr. S.D.N.Y. 2002) ............................... 2

In re Koreag, Controle et Revision S.A., 961 F.2d 341 (2d Cir. 1992) ........................... 3

Indosuez Int'l Fin. B.V. v. National Reserve Bank,
    98 N.Y.2d 238, 746 N.Y.S.2d 631, 774 N.E.2d 696 (2002) ...................................... 3

Orion Pictures Corp. v. Showtime Networks, Inc., 4 F.3d 1095 (2d Cir. 1993) ............... 2

Radioactive, J.V. v. Manson, 153 F. Supp. 2d 462 (S.D.N.Y. 2001) .............................. 5

Snyder v. Pascack Valley Hosp., 303 F.3d 271 (3d Cir. 2002) ...................................... 7

Solutia Inc. v. FMC Corp., 2004 WL 1661115 (S.D.N.Y. July, 24, 2004) ........................ 2

Taylor v. Plousis, 101 F. Supp. 2d 255 (D.N.J. 2000) .................................................... 7

Woodling v. Garrett Corp., 813 F.2d 543 (2d Cir. 1987) ................................................ 4

**Other Authorities**

28 U.S.C. § 157(c)(1) .................................................................................................... 2

N.J.S.A. 2A:53A ..................................................................................................... 2, 5, 6

N.Y. CPLR 5513(a) ....................................................................................................... 6

## BRIEF FOR DEFENDANT-APPELLANT BDO SEIDMAN, LLP

The bankruptcy court erred. It erred in issuing an order at all. It erred in holding that New York, as opposed to New Jersey, substantive law applied. And it erred in refusing to dismiss the adversary proceeding against defendant-appellant BDO Seidman, LLP. This Court should reverse.

## STATEMENT OF FACTS

Suprema Specialties, Inc., the debtor, was a cheese company headquartered in Paterson, New Jersey. Adversary Complaint ¶ 48. Suprema contracted with BDO's Woodbridge, New Jersey, office to perform its annual audits. Affidavit of John Tucci, Feb. 23, 2005, ¶ 6. BDO's New Jersey-licensed accountants whose offices were in Woodbridge performed the vast bulk of the work for Suprema, id. ¶ 9, which work was performed primarily in Paterson and Woodbridge, id. ¶ 6. BDO's engagement partner signed the audit opinions in Woodbridge, and BDO issued them to Suprema in Paterson. Id. ¶¶ 7-8.

When Suprema failed and a massive and sophisticated fraud involving a large number of conspirators both inside and outside that company was revealed, it filed for reorganization under chapter 11 in this district. Soon after the filing the case was converted to a chapter 7 liquidation, and Kenneth Silverman, plaintiff-appellee, was appointed trustee. Adversary Complaint ¶¶ 35-36. Mr. Silverman then brought an adversary proceeding against BDO in one count, alleging accounting malpractice.

On or about October 7, 2004, BDO answered the adversary complaint. More than 120 days thereafter, on or about February 23, 2005, it moved to dismiss for

failure to state a claim based on the trustee's failure to provide the affidavit of merit from a licensed professional as N.J.S.A. 2A:53A-27 required.  Following briefing, Judge Cornelius Blackshear, to whom the case was assigned, held oral argument on the motion just days before his return to private practice.  Transcript, Mar. 23, 2005, at 104 ("Tr.").  Although he made it clear that he had not had time to consider the matter fully and had not had all the questions in his mind answered, id. at 104-05, he nevertheless denied the motion from the bench on the ground that New York, rather than New Jersey, law governed, id. at 105-06.  Judge Blackshear made it clear that he felt comfortable doing so because he believed that this Court would review the issue de novo.  Id. at 105-06.  However, on his last day on the bench the judge issued not only findings and conclusions but also an order denying BDO's motion in its entirety.[1]

## QUESTIONS PRESENTED

1. Did the bankruptcy court err in holding that New York, rather than New Jersey, substantive law applies?

2. Did the bankruptcy court err in denying BDO's motion to dismiss the adversary proceeding with prejudice?

---

[1] Judge Blackshear should not have issued an order at all, this admittedly being a non-core proceeding.  Tr. 105.  There should be no procedural difference, because this Court reviews both orders on motions to dismiss and findings and conclusions de novo, 28 U.S.C. § 157(c)(1), as Judge Blackshear had contemplated would occur, Tr. 105-06.  See also Solutia Inc. v. FMC Corp., 2004 WL 1661115, at *2 (S.D.N.Y. July, 24, 2004) (citing Orion Pictures Corp. v. Showtime Networks, Inc., 4 F.3d 1095 (2d Cir. 1993)); In re Iridium Operating LLC, 285 B.R. 822, 829 (Bankr. S.D.N.Y. 2002).

## ARGUMENT

### POINT I

### NEW JERSEY SUBSTANTIVE LAW APPLIES.

This Court must apply the forum state's choice of law rules to claims in bankruptcy court arising under state law. In re Gaston & Snow, 243 F.3d 599, 601-02 (2d Cir. 2001). A New York court would apply New Jersey substantive law to this malpractice action because New Jersey has the most significant relationship with the issue in conflict. See, e.g., In re Koreag, Controle et Revision S.A., 961 F.2d 341, 350-51 (2d Cir. 1992); Indosuez Int'l Fin. B.V. v. National Reserve Bank, 98 N.Y.2d 238, 746 N.Y.S.2d 631, 774 N.E.2d 696 (2002).

The company under audit was headquartered in New Jersey. The auditors had their offices in New Jersey. The engagement letters were executed in New Jersey. The work was performed in New Jersey. The audit opinions were signed in New Jersey.

Moreover, New Jersey licensed the auditors. It, and it alone, had a governmental interest in their compliance with its views of appropriate professional standards. The New Jersey Legislature had made a policy choice in adopting the affidavit of merit requirement to govern malpractice actions against that state's professionals practicing in New Jersey.

By contrast, the claim's only connections to New York are Suprema's state of incorporation and the consequent venue of the bankruptcy proceeding. Those factors are fortuitous and cannot rationally be considered the more significant to the claim in this case.

In an effort to avoid the normal choice of law rules' pointing to the application of New Jersey law, the trustee relied below on engagement letters that addressed some but not all of the audits that the adversary complaint attacks. Affidavit of Anthony Acampora, Mar. 11, 2005, Exhs. 1-4. The trustee gains no benefit from those engagement letters, because the provision to which he points on its face mandates not the application of New York substantive law, but only the application of New York arbitration law in the event of an arbitration.

Thus, the provision appears in the "Dispute Resolution Procedure," which is attached to most of the engagement letters, and states:

> If any dispute, controversy or claim arises in connection with the performance or breach of this agreement and cannot be resolved by facilitated negotiations (or the parties agree to waive that process) then such dispute, controversy or claim shall be settled by arbitration in accordance with the laws of the State of New York and the then current Commercial Arbitration Rules of the American Arbitration Association ("AAA"), except that no prehearing discovery shall be permitted unless specifically authorized by the arbitration panel, and shall take place in the city in which the BDO Seidman, LLP office providing the relevant services exist, unless the parties agree to a different locale.
>
> Such arbitration shall be conducted before a panel of three persons, one chosen by each party and the third selected by the two party-selected arbitrators. The arbitration panel shall have no authority to award non-monetary or equitable relief, and any monetary award shall not include punitive damages. The confidentiality provisions applicable to facilitated negotiations shall also apply to arbitration.

The phrase "in accordance with the laws of the State of New York" modifies the word "arbitration," and the entire clause on its face deals with how the arbitration is to go forward. Clauses that the courts have held to choose the applicable substantive law are far different. See, e.g., Woodling v. Garrett Corp., 813 F.2d 543, 551 (2d Cir. 1987)

("The validity, effect and enforceability, as well as the rights of the parties hereto . . . shall be governed, construed and interpreted solely in accordance with the laws of the State of Connecticut"); Radioactive, J.V. v. Manson, 153 F. Supp. 2d 462, 466 n.1 (S.D.N.Y. 2001) ("The validity, interpretation and legal effect of this agreement is governed by the laws of New York applicable to contracts entered into and performed entirely within such State").

If there were any doubt, BDO's general counsel, Scott Univer, confirmed that New York law was to apply only to the arbitration provision procedurally and did not govern the substance of the dispute. Affidavit of Scott Univer, Mar. 16, 2005, ¶ 6. As Mr. Univer's affidavit notes, if he had wanted there to be a choice of law provision he would have drafted one. Id. ¶ 7.

The other signatories to the engagement letters -- who were not the trustee, of course -- agreed. They, Suprema's chief executive officer, Mark Cocchiola, and its controller Arthur Christensen, argued in their memoranda of law in support of their motions to dismiss BDO's third-party complaint that New Jersey law applies. Thus, if the Court were to reach extrinsic evidence, it would have to conclude that no party to the agreement believed that the clause in question mandated the application of anything other than article 75 of the CPLR and the cases decided under it.

## POINT II

### THE ADVERSARY PROCEEDING SHOULD HAVE BEEN DISMISSED WITH PREJUDICE.

N.J.S.A. 2A:53A-27 provides that the plaintiff in any professional malpractice action must provide an affidavit of merit from a professional in the same field within strict time limits:

> [T]he plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

The statute applies by its terms to actions alleging malpractice by an accountant. Id. 2A:53A-26(b); see In re Cendant Corp. Secs. Litigation, 139 F. Supp. 2d 585, 603 (D.N.J. 2001); In re Hall, 147 N.J. 379, 390, 688 A.2d 81, 87 (1997).

Failure to provide the affidavit of merit within sixty days of the answer's filing, or, if the Court grants an extension "for good cause," within 120 days, requires dismissal of the complaint for failure to state a claim. N.J.S.A. 2A:53A-29; Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000). These time limits are strict and absolute. Davies v. Imbesi, 328 N.J. Super. 372, 379, 746 A.2d 40, 44 (App. Div. 2000); cf. N.Y. CPLR 5513(a) (thirty days from notice of entry to appeal).

Further, the failure to file timely an affidavit of merit requires a dismissal with prejudice absent "extraordinary circumstances." Chamberlain v. Giampapa, 210 F.3d at 162 (citing Cornblatt v. Barow, 153 N.J. 218, 242, 708 A.2d 401, 413 (1998)); see Ferreira v. Rancocas Orthopedic Associates, 178 N.J. 144, 149, 836 A.2d 779, 782 (2003) ("failure to serve the affidavit within 120 days of the filing of the answer is considered tantamount to the failure to state a cause of action subjecting the complaint to dismissal with prejudice"). To find "extraordinary circumstances," the court must determine that those circumstances 'did not arise from an attorney's mere carelessness or lack of proper diligence"; rather, "the circumstances must be exceptional and

compelling." <u>Chamberlain v. Giampapa</u>, 210 F.3d at 162. Neglect by counsel and ignorance of the requirement are not "extraordinary circumstances" and "will not excuse failure to meet the filing deadline." <u>Taylor v. Plousis</u>, 101 F. Supp. 2d 255, 270 (D.N.J. 2000) (citations omitted). The trustee has offered nothing that would remotely qualify as "extraordinary circumstances" under the case law.

Finally, the application of the affidavit of merit statute is fully consistent with the Rules Enabling Act and the adoption of the Federal Rules of Civil Procedure. The Court of Appeals for the Third Circuit has flat out held that "a district court's application of this statute does not conflict with the Federal Rules of Civil Procedure and hence is enforceable in the district courts when New Jersey law applies." <u>Snyder v. Pascack Valley Hosp.</u>, 303 F.3d 271, 273 (3d Cir. 2002) (citing <u>Chamberlain v. Giampapa</u>, 210 F.3d at 157)).

## CONCLUSION

This Court should either overrule Judge Blackshear's findings and conclusions or reverse his order and, in either event, direct that the adversary proceeding against BDO be dismissed with prejudice for failure to state a claim.

Dated: New York, NY
August 21, 2007

Respectfully submitted,

_____
Ira G. Greenberg
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant-Appellant BDO
   Seidman, LLP
750 Lexington Avenue, 8th floor
New York, New York  10022
(212) 308-4411

## CERTIFICATE OF SERVICE

I certify that on the 24th day of August, 2007, I caused a true copy of the attached brief for defendant-appellant to be served upon Silverman Perlstein & Acampora LLP, attorneys for the trustee, by fax and first-class mail, and on all other counsel of record in the adversary proceeding by first-class mail.

_____<br>IRA G. GREENBERG