```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
In re:                               :
SUPREMA SPECIALTIES, INC., et al.,   :
-------------------------------------x
KENNETH P. SILVERMAN, ESQ. THE CHAPTER 7:
TRUSTEE OF THE ESTATE OF SUPREMA     :
SPECIALTIES INC., SUPREMA SPECIALTIES:
WEST, INC., SUPREMA SPECIALTIES      :
NORTHEAST, INC., et. al.             :
                                     :
             Plaintiff-Appellee,     :
                                     :    07 CV 07505
         v.                          :
                                     :    Order
BDO SEIDMAN, LLP,                    :
                                     :
             Defendant-Appellant.    :
-------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On August 10, 2007, this Court granted BDO Seidman, L.L.P. ("BDO") leave to appeal from an interlocutory Bankruptcy Court order, dated March 29, 2005 (the "March 29, 2005 Order"), denying BDO's motion to dismiss the complaint filed by the chapter 7 trustee (the "Trustee") of the substantively consolidated estates of Suprema Specialties, Inc. et al. ("Suprema"). BDO filed its motion to dismiss in the Bankruptcy Court on the ground that the Trustee failed to file an affidavit of merit under New Jersey Statute 2A:53A-26 et seq.,[1] as is required to maintain an

---

[1] The New Jersey Affidavit of Merit Statute provides that the plaintiff in a malpractice action:

> shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an

- 1 -

accounting malpractice action under New Jersey law.  In an order dated March 29, 2005, the Bankruptcy Court concluded that New York law applied, which does not require the filing of an affidavit of merit.  Accordingly, the Bankruptcy Court denied the motion. For the reasons stated herein, the order of the Bankruptcy Court is REVERSED, and BDO's Motion to Dismiss is GRANTED.

## DISCUSSION

**I. The Court Grants BDO's Appeal**

   **A. Standard of Review**

   The Bankruptcy Court's choice-of-law analysis raises a question of law which this Court reviews de novo.  See Nat'l Union Fire Ins. Co. v. Bonnanzio (In re Bonnanzio), 91 F.3d 296 (2d Cir. 1996);  Rationis Enters. Inc. of Panama v. Hyundai Mipo Dockyard Co., 426 F.3d 580, 585 (2d Cir. 2005).

   **B. Choice-of-law**

   "[B]ankruptcy courts confronting state law claims that do not implicate federal policy concerns should apply the choice-of-

---

   affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill, or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. . . .

N.J. Stat. Ann. § 2A:53A-27.  The purpose of the statute is "to require plaintiffs in malpractice cases to make a threshold showing, through an expert, that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation." Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 708 A.2d 401 (1998).

law rules of the forum state."  Bianco v. Erkins (In re Gaston & Snow), 243 F.3d 599, 601-02 (2d Cir. 2001); see Bondi v. Grant Thorton Int'l (In re Parmalat Sec. Litig.), 2007 U.S. Dist. LEXIS 11767, at *24 (S.D.N.Y. February 22, 2007) ("In the absence of a 'significant federal interest,' a federal court should look to the forum state's choice-of-law rule even when a federal statute, such as the bankruptcy statute, provides a 'federal forum for claims that hinge upon state law.'" (quoting In re Gaston & Snow, 243 F.3d at 605, 607)).  The choice-of-law to be applied in an accounting malpractice action does not implicate a significant federal interest.  Accordingly, because this action was brought in Bankruptcy Court in the state of New York, New York choice-of-law rules apply to this proceeding.

New York courts "seek to apply the law of the jurisdiction with the most significant interest in, or relationship to, the dispute."  Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1539 (2d Cir. 1997).  "[T]he relevant analytical approach to choice of law in tort actions is the interest analysis. . . . [T]he law of the jurisdiction having the greatest interest in the litigation will be applied."  Id. at 1539 n.5 (quotations omitted).

New Jersey had the most significant relationship with the issues in this case.  Suprema was headquartered in Paterson, New Jersey.  BDO's Woodbridge, New Jersey office conducted the audit.

The engagement letters were signed by the parties in New Jersey and the audits were performed in New Jersey. BDO signed its opinions in New Jersey and delivered them to Suprema in New Jersey. Accordingly, New Jersey had the most significant contact with the particular issue in conflict and New Jersey law governs this action.

The Bankruptcy Court determined that New York law applies to the proceeding in its March 29, 2005 Order but provided no reasons for its conclusion. The Trustee argues that New York law should govern because the engagement letters pursuant to which BDO performed accounting services for Suprema provided that any dispute between the parties was to be resolved in accordance with New York law.² Opp'n 9. However, the provisions Suprema references clearly and unambiguously refer to the law to be applied in arbitration agreements, and are not choice-of-law provisions for an action brought in court. The clause in question appears in part of the letter titled "Dispute Resolution Procedure." See, e.g., Letter from BDO to Stephen Venechanos, December 13, 1999, 3. The letter states that:

> [i]f any dispute, controversy or claim arises in connection with the performance or breach of this

---

² A choice-of-law provision invoking a particular state's laws will normally prevail. See LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp., 424 F.3d 195, 205 n.7 (2d Cir. 2005) ("New York law gives full effect to parties' choice-of-law provisions.") (internal citations and quotations omitted).

> agreement and cannot be resolved by facilitated negotiations (or the parties agree to waive that process) then <u>such dispute, controversy or claim shall be settled by arbitration in accordance with the laws of the state of New York</u>, and then the current Arbitration Rules for Professional Accounting and Related Disputes of the American Arbitration Association. . . .

<u>Id.</u> (emphasis added). This language creates an arbitration -- and not a choice-of-law -- provision.[3]

New Jersey had the most significant relationship with the issues in this case, and no choice-of-law provision governed the contract. Accordingly, New Jersey law governs this action. <u>See Lazard Freres</u>, 108 F.3d at 1539.

### C. The New Jersey Affidavit of Merit Statute Applies to This Action

"[T]he Erie doctrine applies, whatever the ground for federal jurisdiction, to any issue or claim which has its source in state law." <u>Achtman v. Kirby, Mcinerney & Squire, LLP</u>, 464 F.3d 328, 337 (2d Cir. 2006) (quoting <u>Maternally Yours, Inc. v. Your Maternity Shop, Inc.</u>, 234 F.2d 538, 541 n. 1 (2d Cir. 1956)); <u>see</u> <u>Erie R.R. v. Tomkins</u>, 304 U.S. 64 (1938). Accordingly, the Court must analyze the Affidavit of Merit Statute according to <u>Erie</u> to determine if it applies to this action.

---

[3] The parties in this action chose to waive the arbitration provision by proceeding with a court action, and it is therefore inapplicable to this litigation. <u>See</u> <u>Sherrill v. Grayco Builders, Inc.</u>, 475 N.E.2d 772, 775 (N.Y. 1985); <u>Zimmerman v. Cohen</u>, 236 N.Y. 15, 19 (N.Y. 1923).

Erie requires a federal court adjudicating a state claim to apply state substantive law and federal procedural law. See Erie, 304 U.S. at 78. This is so "the outcome of the litigation in the federal court [will] be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State Court." Guaranty Trust Co. v. York, 326 U.S. 99, 109 (1945). This focus is intended to serve the twin aims of Erie: "discouragement of forum shopping and avoidance of inequitable administration of the laws." Hanna v. Plumer, 380 U.S. 460, 468 (1965). Even though the application of a state rule may be outcome determinative, a strong countervailing federal interest will dictate application of the federal rule. Byrd v. Blue Ridge Rural Elec. Coop, Inc., 356 U.S. 525 (1958). In addition, a state rule cannot be "invoked to void a Federal Rule [of Civil Procedure.]" Hanna, 380 U.S. at 470. A Federal Court must apply the Federal Rule if the state rule directly collides with it. Id. at 470-74. If there is no direct collision, then the court invokes Erie to determine if the state law should be applied. Id. at 470.

The Third Circuit holds that the New Jersey Affidavit of Merit does not directly collide with a Federal Rule of Civil Procedure, and that the statute should be applied by Federal Courts. Snyder v. Pascack Valley Hosp., 303 F.3d 271, 273 (3d Cir. 2002) ("We have held that a district court's application of

this statute does not conflict with the Federal Rules of Civil Procedure and hence is enforceable in the district courts when New Jersey law applies.") (citing Chamberlain v. Giampapa, 210 F.3d 154 (3d Cir. 2000)).  The Court agrees with this analysis.

The Trustee's claim that the New Jersey Affidavit of Merit Statute conflicts with the Federal Rule of Bankruptcy Laws 7026 and 9011 is meritless.  Rule 7026 is materially identical to Fed. R. Civ. P. 26, and addresses when discovery information regarding expert testimony must be presented to the adversary.  This does not directly collide with New Jersey's statute requiring the submission of an affidavit from a professional in the field to support a malpractice claim.  The parts of Rule 9011 the Trustee refers to are identical to Fed. R. Civ. P. 11, and provides for sanctions for an attorney that submits a fraudulent pleading or document.  New Jersey's affidavit requirement does not directly collide with this rule either.  In addition, because the Federal Rules of Bankruptcy Procedure that the Trustee argues conflict are equivalent to the Federal Rules of Civil Procedure -- and the Affidavit of Merit statute does not conflict with the Federal Rules of Civil Procedure -- the Affidavit of Merit Statute also does not conflict with these Federal Rules of Bankruptcy Procedure.

As the Third Circuit outlined in Chamberlain, where no "direct collision" exists between the state statute and the

Federal Rules, the second part of the analysis set forth in Hanna is applied. 210 F.3d at 161. Examining the Affidavit of Merit Statute, the Third Circuit found that the statute "is outcome determinative on its face." Id. ("By requiring dismissal for failure to adhere to the statute, the New Jersey legislature clearly intended to influence substantive outcomes.") Furthermore, failure to apply the Affidavit of Merit Statute would encourage forum shopping as plaintiffs who fail to satisfy its requirements could file in federal, rather than state, court. Id. Such an outcome would "lead to the inequitable administration of the law" where defendants in federal court are "unfairly exposed to additional litigation time and expense" compared to their state court counterparts. Id. Finally, as in Chamberlain, no countervailing federal interest has been identified in the present case that would prevent application of the statute in federal court. See id. Accordingly, the New Jersey Affidavit of Merit statute should be applied in the instant case.

**D. The Exceptions to the Statute Do Not Apply**

The New Jersey Courts have recognized two equitable doctrines to prevent dismissal where a plaintiff has failed to file an affidavit of merit as required under New Jersey Statute 2A:53A-26 et seq. First, a plaintiff may show "substantial compliance" with the statute. See Hefferon v. Gitler, 346 N.J.

Super. 141 (App. Div. 2001).  The second exception is that a plaintiff may show "extraordinary circumstances" that excuse compliance.  Ferreira v. Rancocas Orthopedic Assocs., 836 A.2d 779 (N.J. 2003).  Neither applies here.

### i. Substantial Compliance

Five factors must be present for a party to be in substantial compliance: (1) the party must show that there has been no prejudice to the defendant; (2) the plaintiff must present evidence of a series of steps taken to comply with the statute; (3) a showing of general compliance with the purpose of the statute has been demonstrated; (4) the defendant must be given reasonable notice of the plaintiff's claim; and (5) the plaintiff must present a reasonable explanation as to why plaintiff did not strictly comply with the statute.  See id. "The doctrine is invoked so that technical defects will not defeat a valid claim."  Ferreira, 836 A.2d at 783.

The Trustee argues that there was substantial compliance with the statute based on discussions between the parties that occurred on or around April 16, 2003, which apprised BDO of the claims against it.  (Opp'n 21-22.)  The Trustee is unable to demonstrate that these negotiations were a series of steps taken to comply with the statute, show general compliance with the purpose of the statute, or provide a reasonable explanation for why the Trustee did not strictly comply with the statute.

Engaging in settlement talks does not approach the level of compliance that New Jersey courts have required when finding substantial compliance.  See, e.g., Burns v. Belafsky, 166 N.J. 466 (N.J. 2001) (finding substantial compliance when a certification rather than an affidavit was submitted);  Galik v. Clara Maass Med. Ctr., 167 N.J. 341 (N.J. 2001) (finding substantial compliance when unsworn but signed expert reports were provided prior to the expiration of the deadline and the expert who signed them promptly filed a signed affidavit after the technical defect was called to his attention);  Newell v. Ruiz, 286 F.3d 166 (3d Cir. 2002) (finding substantial compliance when plaintiff complied with the New York affidavit of merit statute prior to the case being transferred from the Second Circuit).  This is not a case involving a technical defect.  The settlement negotiations do not amount to substantial compliance with the New Jersey Affidavit of Merit statute.

    **ii.  Extraordinary Circumstances**

A plaintiff may also demonstrate that "extraordinary circumstances" explain non-compliance.  Ferreira, 836 A.2d at 783.  When the plaintiff shows that extraordinary circumstances exist, the complaint is dismissed without prejudice to allow the plaintiff to refile the complaint and then properly comply with the statute.  See id.  Extraordinary circumstances are not "carelessness, lack of circumspection, lack of diligence, or

ignorance of the law." Balthazar v. Atlantic City Med. Ctr., 816 A.2d, 1059, 1067 (N.J. Super. Ct. App. Div. 2003). A defendant is not under any duty to alert the plaintiff to the existence of the statute. See Chamberlain v. Giampapa, 210 F.3d 154, 162 (3d Cir. 2000). Extraordinary circumstances have been found when the trial court stayed proceedings for mediation and the parties agreed to a new set of pleadings. See Hyman Zamft and Manard, L.L.C. v. Cornell, 309 N.J. Super. 586, 593 (App. Div. 1998). In the instant case, it was reasonable for the Trustee to believe that New Jersey law might apply to this case, and the Trustee does not demonstrate that extraordinary circumstances exist. Further, dismissal without prejudice would not save this action as the statute of limitations has expired.

The New Jersey Affidavit of Merit Statute applies in the instant case and the Trustee has failed to comply with it. Accordingly, the accounting malpractice claim against BDO should be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, the Bankruptcy Court's March 29, 2005 order is REVERSED and BDO's Motion to Dismiss the claim is GRANTED. The Clerk of the Court is directed to close this case.

**SO ORDERED:**

                                     /s/ Barbara S. Jones
                                     BARBARA S. JONES
                                     UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         September 17, 2007